## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SEAN DAVIS,

       Petitioner,

v.                                 Case No. 3:21-cv-697-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## ORDER

### I.   Status

Petitioner, Sean Davis, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner is serving a life term of incarceration for second degree murder. Respondents filed a Response arguing that the case is untimely filed and requesting dismissal with prejudice. See generally Doc. 6 (Resp.).[1] Petitioner replied. See Doc. 10. This case is ripe for review.

_____

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

## II.    One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III.  <u>Analysis</u>

On October 13, 2011, a jury found Petitioner guilty of second degree murder. Resp. Ex. 1. On November 8, 2011, the trial court sentenced Petitioner to a life term of incarceration. <u>Id.</u> Petitioner sought a direct appeal, and on July 20, 2012, the First District Court of Appeal per curiam affirmed Petitioner's conviction and sentence without a written opinion. Resp. Ex. 2. Petitioner's judgment and sentence became final ninety days later on October 18, 2012. His one-year statute of limitations began to run the next day – October 19, 2012 – and ran for 365 days until it expired on October 21, 2013,[2] without Petitioner filing a motion that would toll his limitations period. Petitioner filed the Petition over seven years later on July 9, 2021. <u>See</u> Doc. 1.

After the expiration of his statute of limitations, Petitioner filed with the trial court a pro se motion for new trial on May 14, 2014, and a pro se motion

_____

[2] Because the 365th day fell on Saturday, October 19, 2013, Petitioner had until Monday, October 21, 2013, to file his federal habeas petition. <u>See</u> Fed. R. Civ. P. 6(a)(1)(C).

under Florida Rule of Criminal Procedure 3.850 on August 4, 2014. Resp. Exs. 4, 5. Because there was no time left to toll, however, Petitioner's motions for postconviction relief did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). As such, the Petition, filed on July 9, 2021, is untimely filed.

In his Response, Petitioner seemingly asks the Court to overlook this procedural bar because he is entitled to equitable tolling. Doc. 10 at 1-4. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (recognizing equitable tolling is an extraordinary remedy "limited to rare and exceptional circumstances and typically applied sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Here, Petitioner seems to argue he is entitled to equitable tolling because the assistant public defender appointed to represent Petitioner during his direct appeal should have either timely filed his federal habeas petition or promptly filed with the trial court a motion to toll Petitioner's one-year limitations period. See Doc. 10 at 1-4. He appears to contend that when he learned his appellate attorney did not file a tolling motion in state court, he diligently pursued his remedies by filing a pro se motion. Id. at 3-4. But according to Petitioner, the trial court did not issue an order on his pro se postconviction motion until almost three years later. Id. at 4.

"[A]ttorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship, such as may have occurred in Holland [v. Florida, 560 U.S. 631 (2010)], or some other

professional misconduct or some other extraordinary circumstance is required." Clemons v. Comm'r, Ala. Dep't of Corr., 967 F.3d 1231, 1242 (11th Cir. 2020) (quoting Cadet, 853 F.3d at 1227). For example, in Holland, the Court found collateral counsel's conduct "amounted to more" than the "garden variety" of negligence because not only did counsel fail to inform Holland, a death row inmate, that the Florida Supreme Court affirmed the denial of his state postconviction motion "despite Holland's many pleas for that information," but counsel also: (1) ignored Holland's many letters and requests to file a federal habeas petition on time; (2) failed to do the research necessary to determine the proper filing date for his federal habeas petition; (3) failed to communicate with Holland during the two-and-one-half years that his postconviction motion was pending "despite various pleas from Holland that [counsel] respond to his letters"; and (4) Holland had unsuccessfully tried to discharge his attorney due to "a complete breakdown in communication." Holland, 560 U.S. at 652; see also Cadet, 853 F.3d at 1216.

Here, Petitioner makes no allegations showing that his appellate counsel's conduct amounted to the type of "abandonment" contemplated by Holland and Cadet. Petitioner does not argue that his appellate counsel failed to respond to any inquiry about the status of his direct appeal, the filing of a federal habeas petition, or the filing of a tolling motion. Rather, Petitioner's allegations indicate that he simply assumed that the scope of appellate

6

counsel's appointment included filing state postconviction motions and/or a federal habeas petition. Also, Petitioner neither explains when he learned that appellate counsel did not file a tolling motion or a federal petition, nor why he waited six months after the expiration of his one-year period to file his first pro se postconviction motion in state court. As such, the Court finds neither extraordinary circumstances nor due diligence to justify the rare remedy of equitable tolling.

Petitioner also attempts to overcome this procedural bar by alleging a claim of actual innocence. See Doc. 10 at 5-8. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt").

Here, Petitioner neither references nor presents any actual "new reliable evidence" to establish his innocence as a matter of fact. Instead, relying on the underlying allegations of Ground Two of the Petition, Petitioner asserts that he is aware of new evidence that would challenge the DNA evidence the state presented at trial. Doc. 10 at 5-8; <u>see also</u> Doc. 1 at 7. Notably, he seems to allege that at trial, the state did not present evidence of how or why Petitioner's DNA was found on certain items. Doc. 10 at 5-6. According to Petitioner, trial testimony from a DNA specialist about "touch" or "transfer" DNA is new evidence that would explain why Petitioner's DNA was found on those items and show he is actually innocent. <u>Id.</u> But this testimony would not necessarily lead to Petitioner's exoneration as a matter of fact. Instead, it would simply provide an alternative explanation for why Petitioner's DNA was present and at most challenge the credibility of that evidence.

In sum, Petitioner has offered no new reliable evidence that was unavailable at the time of trial. He has not produced exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. Indeed, he has not pointed to any evidence to show it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of the new evidence. Accordingly, this is not an "extraordinary" case under the <u>Schlup</u> standard.

Considering the foregoing, the Court finds the Petition is untimely filed, and Petitioner has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.     The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.     The **Clerk of Court** shall enter judgment dismissing the Petition and this case with prejudice.

3.     If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[3]

---

[3] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:      Sean Davis, #128334
        counsel of record